JOSEPH KUZMONICH et al., Respondents, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.— In an action upon an alleged insurance settlement agreement, defendant appeals from a judgment of the Supreme Court, Putnam County, entered June 12, 1973, in plaintiffs' favor, upon a jury verdict of $5,000. Judgment reversed, on the law and the facts and in the interests of justice, and new trial granted, with costs to abide the event. In

our opinion, the trial court abused its discretion in denying defendant leave to amend its answer to raise an affirmative defense of unilateral mistake. Although the answer consisted merely of a general denial, and permission to introduce evidence of a mistake or to amend the answer was first sought upon the start of the trial, it is clear that plaintiffs were not taken by surprise and would not have been prejudiced in any way if the amendment had been granted. Indeed, a prior motion by plaintiffs for summary judgment was defeated upon defendant's factual averments of just such a mistake. Despite its prior ruling, the trial court did allow defendant to adduce proof of a mistake. Defendant was claiming that there had been a unilateral mistake on its part as to the identity of the other party with which it was negotiating, resulting in no meeting of the minds and, hence, no contract or settlement agreement. The trial court, however, refused to formally charge the jury on the issue of mistake, instructing them only briefly on the subject of intent and a "meeting of the minds". Assuming, *arguendo*, that the charge took into account all the evidence presented, we also find that the verdict was contrary to the weight of the credible evidence. Hopkins, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.